UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| The CITY OF PONTIAC, individually and on behalf of all others similarly situated, | Case No. 2:11-cv-10276 |
| Plaintiff, | Hon. Denise Page Hood |
| v | Magistrate Judge Mona K. Majzoub |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, et al., | |
| Defendants. | |

**DEFENDANT MUNSON HEALTHCARE'S AND
DEFENDANT SPARROW HEALTH SYSTEM'S
MOTION TO DISMISS THE COMPLAINT**

Defendants Munson Healthcare d/b/a Munson Medical Center ("Munson") and Sparrow Health System d/b/a Sparrow Hospital ("Sparrow") move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  This motion and the accompanying memorandum brief supplement the grounds for dismissal set forth in the Hospital Defendants' Motion to Dismiss, in which Munson and Sparrow join.

As stated in the Hospital Defendants' Motion to Dismiss, plaintiff's counsel does not concur in the relief requested.

                                        Respectfully submitted,

Dated:  April 18, 2011                        /s/ Richard C. Kraus

                                        Richard C. Kraus (P27553)
                                        Scott L. Mandel (P33453)
                                        FOSTER, SWIFT, COLLINS & SMITH, P.C.
                                        313 S. Washington Square
                                        Lansing, MI 48933
                                        (517) 371-8100
                                        rkraus@fosterswift.com
                                        smandel@fosterswift.com

                                        Robert W. McCann
                                        Kenneth M. Vorrasi
                                        DRINKER BIDDLE & REATH LLP
                                        1500 K Street, N.W.
                                        Washington, DC 20005
                                        (202) 842-8800
                                        robert.mccann@dbr.com
                                        kenneth.vorrasi@dbr.com

                                        *Counsel for Defendants Munson Healthcare d/b/a Munson Medical Center and Sparrow Health System d/b/a Sparrow Hospital*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

The CITY OF PONTIAC, individually and on
behalf of all others similarly situated,

    Plaintiff,

v

BLUE CROSS BLUE SHIELD OF
MICHIGAN, et al.,

    Defendants.

Case No. 2:11-cv-10276

Hon. Denise Page Hood

Magistrate Judge Mona K. Majzoub

---

**MEMORANDUM BRIEF IN SUPPORT OF
DEFENDANT MUNSON HEALTHCARE'S AND
DEFENDANT SPARROW HEALTH SYSTEM'S
MOTION TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

Page

STATEMENT OF ISSUES PRESENTED ................................................................................... ii

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

I. THE CITY OF PONTIAC HAS FAILED TO ALLEGE THAT IT HAS SUFFERED COGNIZABLE ANTITRUST INJURY SUFFICIENT TO CONFER STANDING TO ASSERT ITS ANTITRUST CLAIMS ............................................................................. 2

    A.    The City of Pontiac Has Not Alleged Antitrust Injury as to Munson .................... 4

    B.    The City of Pontiac Has Not Alleged Antitrust Injury as to Sparrow .................. 6

CONCLUSION ............................................................................................................................. 8

## STATEMENT OF ISSUES PRESENTED

Defendants Munson Healthcare d/b/a Munson Medical Center ("Munson") and Sparrow Health System d/b/a Sparrow Hospital ("Sparrow") incorporate the statement of issues contained in the Hospital Defendants' Motion to Dismiss.

Defendants Munson and Sparrow submit the following statement of additional issues concerning their grounds for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6).

> 1. Whether the City of Pontiac's antitrust claims under Section 1 of the Sherman Act and Section 2 of the Michigan Antitrust Reform Act fail as a matter of law because the City of Pontiac has failed to make plausible allegations that it has suffered antitrust injury.

# TABLE OF AUTHORITIES

\* Denotes controlling or significant authority per Local Rule 7.1(d)(2).

Page

## CASES

*Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328 (1990) .................................................. 3, 4, 5

*Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606 (6th Cir. 1999) ....................................................................................... 3

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977) ............................................. 3

*HyPoint Tech., Inc. v. Hewlett-Packard Co.*, 949 F.2d 874 (6th Cir. 1991) ................................... 3

*Ill. Brick Co. v. Illinois*, 431 U.S. 720 (1977) ................................................................................ 3

*\*NicSand, Inc. v. 3M*, 507 F.3d 442 (6th Cir. 2007) ................................................................ 2, 3, 5

*Valley Prods. Co., Inc. v. Landmark*, 128 F.3d 398 (6th Cir. 1997) .............................................. 4

## STATUTES

Mich. Comp. Laws § 445.784 ........................................................................................................ 3

**INTRODUCTION**

Defendants Munson Healthcare d/b/a Munson Medical Center ("Munson") and Sparrow Health System d/b/a Sparrow Hospital ("Sparrow") submit this brief to supplement the arguments and bases for dismissal set forth in the Hospital Defendants' Motion to Dismiss, in which Munson and Sparrow join.  Specifically, this brief addresses certain specific allegations as to Munson and Sparrow in the Complaint and demonstrates the deficiencies of those allegations.

Munson Medical Center is a 391-bed hospital located in Traverse City, Michigan. (Compl. ¶ 36.)  Sparrow Hospital is a 676-bed hospital located in Lansing, Michigan.  (*Id.* ¶ 37.)  Plaintiff City of Pontiac ("the City" or "Pontiac") asserts that both hospitals "joined Blue Cross' conspiracy" by signing "MFN-plus" contracts with Blue Cross, (*id.* ¶¶ 36, 37), and thereby committed *per se* violations of state and federal antitrust laws (*id.* ¶¶ 2, 130, 140, 147 and Prayer for Relief ¶ B).  Pontiac contends that the contract between Munson and Blue Cross and the contract between Sparrow and Blue Cross resulted in the City paying inflated prices for hospital services, (*id.* ¶¶ 36, 37), and that the City accordingly is entitled to damages.

Pontiac's complaint contains more verbiage pertaining to Munson and Sparrow than it does as to other Hospital Defendants.  Almost all of the allegations are copied wholesale from the complaint filed by the Department of Justice against Blue Cross that is pending in this Court.  (*Compare* Compl. ¶¶ 68, 103-109, 113-115, *with* Dep't of Justice's Compl. ¶¶ 27, 60-66, 70-72, *United States v. Blue Cross Blue Shield of Mich.*, No. 10-cv-14155 ("DOJ Complaint" or "DOJ case").)  However, the Justice Department is not pursuing a *per se* claim against Blue Cross, nor is it pursuing any relief on any theory from any Hospital Defendant.

1

Thus, the City's additional allegations about Munson and Sparrow, having been simply copied from the DOJ's complaint, unsurprisingly say nothing about Pontiac's experiences with buying hospital services in Traverse City or Lansing. Importing the Justice Department's inapposite allegations cannot fix the complaint's deficiencies or hide the fact that the City has failed to plead antitrust injury as to the conduct of either Munson or Sparrow and has failed to allege a legally cognizable violation of the antitrust laws.

In addition to the bases for dismissal contained in the Hospital Defendants' Motion to Dismiss, the complaint should be dismissed because the City has failed to allege that it suffered antitrust injury resulting from an MFN-plus contract entered between Blue Cross and Munson or between Blue Cross and Sparrow. In particular, the City has not made plausible allegations that it ever sought to buy health insurance in Traverse City or Lansing; that it or its third-party administrator, Humana, ever contracted with Munson or Sparrow for hospital services; or that it or Humana attempted but failed to obtain lower prices from Munson or Sparrow during a period in which an MFN-plus contract with Blue Cross was in place. Absent allegations of this sort, Pontiac has not alleged cognizable antitrust injury and accordingly, its antitrust claims should be dismissed. *See NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 450 (6th Cir. 2007).

**ARGUMENT**

I. **THE CITY OF PONTIAC HAS FAILED TO ALLEGE THAT IT HAS SUFFERED COGNIZABLE ANTITRUST INJURY SUFFICIENT TO CONFER STANDING TO ASSERT ITS ANTITRUST CLAIMS AGAINST MUNSON AND SPARROW.**

In order to assert claims for damages, the City of Pontiac must plead sufficient facts to establish that it has standing to bring suit under the Sherman Act. Antitrust standing is fundamental. "[A]ntitrust standing is a threshold, pleading-stage inquiry and when a

2

complaint by its terms fails to establish this requirement we must dismiss it as a matter of law—lest the antitrust laws become a treble-damages sword rather than the shield against competition-destroying conduct that Congress meant them to be." *NicSand*, 507 F.3d at 450; *see also HyPoint Tech., Inc. v. Hewlett-Packard Co.*, 949 F.2d 874, 877 (6th Cir. 1991) ("Antitrust standing … is not a mere technicality. It is the glue that cements each suit with the purposes of the antitrust laws, and prevents abuses of those laws.").

The City of Pontiac has failed to establish the requisite antitrust standing for two independent reasons. First, as explained in the Hospital Defendants' Motion to Dismiss, the City does not allege (nor can it allege) that it purchases hospital services directly from any of the Hospital Defendants, including Munson or Sparrow. As a result, its claims are barred by the Supreme Court's decision in *Ill. Brick Co. v. Illinois*, 431 U.S. 720 (1977), prohibiting indirect purchaser standing. (*See* Hospital Defs.' Mot. to Dismiss at Section IV.) Second, as explained more fully below, the City of Pontiac has failed to allege that it has suffered cognizable antitrust injury flowing from any alleged anticompetitive effect of an MFN-plus agreement between Blue Cross and Munson or between Blue Cross and Sparrow.

To establish standing in a suit for damages, an antitrust plaintiff must allege more than a mere antitrust violation. The plaintiff must allege (a) that it was injured in fact as a result of the alleged conduct and (b) that the injury constituted "antitrust" injury.[1] *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977). Antitrust injury

---

[1] The same rule applies to the antitrust claim Plaintiff asserts under Michigan law. Mich. Comp. Laws § 445.784(2) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes."); *Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 619 n.4 (6th Cir. 1999) ("Because Michigan antitrust law follows federal precedents, our reasoning regarding the federal antitrust claims applies equally to the state antitrust claims.").

requires that the plaintiff's alleged loss stem from a competition-reducing aspect or effect of the defendant's behavior. *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 344 (1990); *see also NicSand*, 507 F.3d at 450 (Even though a plaintiff "alleges an injury causally related to an antitrust violation, it will not qualify as antitrust injury unless it is attributable to an anticompetitive aspect of the practice under scrutiny." (internal quotations omitted)). Proof of antitrust injury is required in all private antitrust actions, including those actions asserting *per se* antitrust violations. *Atl. Richfield Co.*, 495 U.S. at 341-42; *Valley Prods. Co., Inc. v. Landmark*, 128 F.3d 398, 402 (6th Cir. 1997).[2]

The City of Pontiac's claims should be dismissed for the additional reason that it has failed to adequately set forth allegations explaining how its alleged injury flows directly from the alleged anticompetitive effect of Blue Cross' MFN-plus agreements with Munson or Sparrow.

### A. The City of Pontiac Has Failed to Allege Antitrust Injury as to Munson.

The City of Pontiac asserts, as to Munson, that: (i) Munson and Blue Cross entered into an MFN-plus contract (Compl. ¶ 36); (ii) it made one or more payments to Munson for hospital services that were inflated by the MFN-plus contract (*Id.*); (iii) access to Traverse City-area hospitals at competitive rates is necessary for health insurers to compete against Blue Cross for the business of Traverse City-area employers and residents (*Id.* ¶ 113); and (iv) two hospitals (that the City believes are related to Munson) having "equal to" MFN (not MFN-plus) contracts raised their prices to Priority Health and Aetna, both competitors of

---

[2] The Sixth Circuit "has been reasonably aggressive in using the antitrust injury doctrine to bar recovery where the asserted injury, although linked to an alleged violation of the antitrust laws, flows directly from conduct that is not itself an antitrust violation." *Valley Prods. Co., Inc. v. Landmark*, 128 F.3d 398, 403 (6th Cir. 1997) (affirming dismissal where plaintiff's loss of business was due to cancellation of agreement licensing plaintiff to sell soap bearing defendants' logo, and not attributable to an alleged tying arrangement).

Blue Cross, and thereby reduced competition in the sale of health insurance in the Traverse City area (*Id.* ¶¶ 113-115).

The City's complaint fails to allege how competition in the Traverse City area health insurance market relates to its alleged injury. The City has not alleged that it is a Traverse City-area employer, nor has it alleged that it has ever sought to buy health insurance in the Traverse City area. Pontiac also does not allege that it sought to buy health insurance from Aetna or Priority Health in the Traverse City (or, for that matter, any alleged) market.[3]

This leaves the City of Pontiac with its bare allegations that Blue Cross and Munson have an MFN-plus contract and that the City's payments to Munson were inflated. Those allegations do not establish the cause and effect of antitrust injury, especially post-*Twombly*. *See Atl. Richfield Co.*, 495 U.S. at 344; *NicSand*, 507 F.3d at 450 ("[A] 'naked assertion' of antitrust injury, the Supreme Court has made clear, is not enough; an antitrust claimant must put forth factual 'allegations plausibly suggesting (not merely consistent with)' antitrust injury." (quoting *Twombly*, 550 U.S. at 545-46)).

Pontiac acknowledges that any payments made to Munson on its behalf were in fact made by Humana, with which the City contracts to administer its health benefits plan. (Compl. ¶ 42.)[4] Pontiac has not alleged that Humana has or ever had a contract with Munson. The City has not asserted that Humana attempted but failed to obtain price

---

[3] The Hospital Defendants' Motion to Dismiss explains why the City's allegations regarding the relevant markets are both deficient and erroneous.

[4] The City's most specific description of the challenged MFNs states that the MFN clauses require hospitals to charge higher rates (or rates no better than those given to Blue Cross) to "commercial health insurers." (Compl. ¶¶ 8(A), 8(B) ); *see also* DOJ Compl. ¶¶ 4(A), 4(B) (same description).) To the extent the City of Pontiac alleges that it is a direct purchaser, it nonetheless does not allege that it is a commercial health insurer, and accordingly it could not have suffered injury as such.

5

concessions from Munson at any time subsequent to the effective date of Munson's MFN-plus contract. The City has not asserted that Munson raised the prices it charges to Humana at any time subsequent to the effective date of Munson's MFN-plus contract. Nor has the City alleged any facts that would tend to rule out the possibility that any alleged price inflation was due to factors other than the MFN-plus contract. Absent plausible allegations that link its alleged injury to an anticompetitive effect of the Blue Cross' MFN-plus agreement with Munson, the City of Pontiac has failed to plead antitrust injury.

### B.  The City of Pontiac Has Failed to Allege Antitrust Injury as to Sparrow.

The City's allegations as to Sparrow also suffer from a failure to allege antitrust injury. The complaint alleges that (i) Sparrow and Blue Cross entered into an MFN-plus contract (Compl. ¶ 37); (ii) the City made one or more payments to Sparrow for hospital services that were inflated by the MFN-plus contract (*id.*); (iii) access to Lansing-area hospitals at competitive rates is necessary for health insurers to compete against Blue Cross for the business of Lansing-area employers and residents (*id.* ¶104); (iv) in addition to Blue Cross, only two health plans, Physicians Health Plan and McLaren Health Plan, have competitive rates in Lansing (*id.* ¶¶ 105-06); (v) the Blue Cross MFN-plus will require Sparrow to raise its rates to McLaren Health Plan (*id.* ¶ 107); (vi) three hospitals in the Lansing area have "equal to" MFN (not MFN-plus) contracts with Blue Cross and raised their prices to Blue Cross competitors and "non-Blue Cross purchasers" (*id.* ¶108); (vii) two health plans, Priority Health and Health Plus, have been prevented from entering the Lansing insurance market and competing against Blue Cross (*id.* ¶107); and, in general, Blue Cross' MFN agreements with Lansing area hospitals have reduced competition "in the market for commercial health insurance in the Lansing MSA." (*id.* ¶ 109).

6

Here, as with Munson and Traverse City, Pontiac's allegations do not explain how competition in the Lansing area health insurance market relates to its alleged injury. The City has not alleged that it is a health insurer competing in the Lansing market, nor that it is a Lansing-area employer. The City alleges effects of the MFN on specific health plans (i.e., McLaren and Priority Health), but it does not allege that it has ever sought to buy health insurance coverage from those plans or that it ever sought to buy health insurance coverage in the Lansing MSA at all. Accordingly, the extensive allegations concerning the Lansing insurance market, taken *verbatim* from the DOJ's Complaint, do not provide support for a claim of antitrust injury as to the City.

And thus, again, this leaves the City of Pontiac with its bare allegations that Blue Cross and Sparrow have an MFN-plus contract and that the City's payments to Sparrow were inflated. Those allegations do not establish the cause and effect of antitrust injury. As with Munson, Pontiac has not asserted that Humana (its insurance services provider) attempted but failed to obtain price concessions from Sparrow at any time subsequent to the effective date of Sparrow's MFN-plus contract, nor has it alleged that Sparrow raised the prices it charges to Humana at any time subsequent to the effective date of its MFN-plus contract. And the City has not alleged any facts that would tend to rule out the possibility that any alleged price inflation was due to factors other than the MFN-plus contract. Again, without plausible allegations explaining how it was harmed as a result of a MFN-plus contract with Sparrow, the City of Pontiac's antitrust claims fail for want of antitrust injury.

In sum, the complaint simply provides no basis to connect the dots from Munson's contract with Blue Cross or from Sparrow's contract with Blue Cross to the City's allegation that it overpaid for hospital services in Traverse City and in Lansing. Pontiac's allegations therefore

7

are insufficient to establish antitrust injury as to Munson or Sparrow – particularly in light of the standard established by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *See NicSand*, 507 F.3d at 451 (explaining the need for sufficient allegations of antitrust injury at the pleading stage post-*Twombly*). For these reasons, the City's antitrust claims should be dismissed.

## CONCLUSION

For the foregoing reasons as well as those stated in the Hospital Defendants' memorandum brief, Defendants Munson Healthcare d/b/a Munson Medical Center and Sparrow Health System d/b/a Sparrow Hospital request that Plaintiff City of Pontiac's Complaint be dismissed.

Respectfully submitted,

Dated: April 18, 2011 /s/ Richard C. Kraus

Richard C. Kraus (P27553)
Scott L. Mandel (P33453)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
313 S. Washington Square
Lansing, MI 48933
(517) 371-8100
rkraus@fosterswift.com
smandel@fosterswift.com

Robert W. McCann
Kenneth M. Vorrasi
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005
(202) 842-8800
robert.mccann@dbr.com
kenneth.vorrasi@dbr.com

*Counsel for Defendants Munson Healthcare d/b/a Munson Medical Center and Sparrow Health System d/b/a Sparrow Hospital*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2011, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of this filing to all counsel of record.

/s/ Richard C. Kraus