**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CITY OF PONTIAC,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN, et al.,

    Defendants.
_____/

Case No. 11-10276

HONORABLE DENISE PAGE HOOD

## ORDER REGARDING CITY OF PONTIAC'S MOTION TO AMEND JUDGMENT AND FOR CLARIFICATION OF THE COURT'S ORDERS OF DISMISSAL OF PLAINTIFF'S COMPLAINT

This matter is before the Court on Plaintiff City of Pontiac's Motion pursuant to Rule 59 of the Rules of Civil Procedure to clarify whether the Orders dismissing its Complaint was dismissed "with" or "without prejudice."

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The City of Pontiac essentially argues that because the Order did not indicate that the dismissal was "with prejudice," the dismissal is "without prejudice." The Supreme Court has noted that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,'" and is therefore entered "with prejudice." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3 (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 523 (6th Cir. 2004)(Granting a motion to dismiss under Rule 12(b)(6) is *presumptively* "with prejudice," unless jurisdictional in nature since another court may have jurisdiction over the matter.).

Here, the motions were brought on the merits of the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. There were no arguments raised that the Court lacked personal jurisdiction or that the venue was improper. The Court's anlaysis is clear that the Order addressed the merits of the Complaint, therefore, the dismissal, although not required to

expressly so note, is "with prejudice."[1] The City of Pontiac's Motion under Rule 59(e) is denied since there has been no showing of a "clear error of law" or "a need to prevent manifest injustice."

It appears the City of Pontiac is also arguing it should be able to file an amended complaint, noting that "uncertainty exists over the Court's treatment of the year-long record relative to requests to file an amended complaint." (Motion, p. 4) As this Court noted in its Order, there are no motions to amend the complaint filed on the docket. There is no "uncertainty" with the Court as to whether or not there exists a motion to amend the complaint in this case. The City of Pontiac does not support its argument that its "proposal" to file amended complaints in its proposed schedule and discovery plan submitted (along with other parties' competing discovery plans) in this case and the related cases, could be construed as a motion to file an amended complaint as required by the Rules of Civil Procedure and the Court's Local Rules. In its Order the Court addressed the procedure on how to file a motion to amend a complaint and the Sixth Circuit's decision regarding amended complaints and pending motions to dismiss, in light of the Supreme Courts' recent cases, *Iqbal* and *Twombly*. The instant motion rehashes the Court's previous Order.

---

[1] The term "with prejudice" or "without prejudice" is noted under the rules governing Rule 41 dismissals, which is not an issue in this case.

Accordingly,

IT IS ORDERED that the City of Pontiac's Motion to Amend Correct Judgment and for Clarification of the Court's Orders of Dismissal of Plaintiff's Complaint **(Doc. No. 175, filed April 17, 2012)** is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: May 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 14, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager